IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division
CRIM. NO. 2:24-cr-00088-001

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S RESPONSE** |
| v. ) | **TO GOVERNMENT'S** |
| ) | **POSITION ON SENTENCING** |
| JEFFREY RADTKE, ) | |
| ) | |
| Defendant. ) | |

Pursuant to LR 83.10 (e) of the Local Rules of this Court, Defendant, Jeffrey Radtke, ("Mr. Radtke") submits his Response to the Government's Position on Sentencing in the above referenced matter.

The Government agreed with Mr. Radtke that he should not receive a four-level enhancement for an aggravating role, and that he is eligible for the zero-point offender two-level reduction. Mr. Radtke agrees with the Government's new position that the advisory range is 21-27 months. While the Government has not moved from its original request for a 36-month sentence despite the nearly-50% reduction in the Guidelines range (41-51 to 21-27), the defense maintains that its original request for a term of one year and one day to be served as home confinement within the electronic monitoring program is still appropriate. The appropriateness of that sentence is clearer now.

Mr. Radtke has no criminal history and there is almost zero chance he will recidivate. The defense notes that the Government seems to agree when it stated that "there is a good chance that [Mr. Radtke] will not go back to crime in the near future." Dkt. 23 at 6. Indeed, Mr. Radtke is 62 years old. It is likely—sad as it is—that Mr. Radtke's "near future" is not long at all. On average, a man of Mr.

1

Radtke's age will only live another 12.5 years.[1] The Government is therefore asking that Mr. Radtke spend the next one-fourth of his remaining life in prison when they themselves believe he is unlikely to recidivate.

The Government also argues, with no supporting evidence, that Mr. Radtke's deviant "interests are always hard to overcome and control" and that a "significant sentence of 36 months *may* help deter [him] from choosing criminal activities after prison." *Id.* at 6-7 (emphasis added). However, the touchstone for this Court in fashioning the appropriate sentence is one that is "sufficient, but not greater than necessary" to achieve the goals of sentencing. 18 U.S.C. §3553(a)(2). A sentence of 36 months is far greater than what is necessary to achieve the needs of sentencing as it relates to Mr. Radtke.

Here, there is ample evidence that Mr. Radtke's conduct—deviant as it was—was isolated in nature and is not indicative of a person who will recidivate. Mr. Radtke has no criminal history. He has a supportive circle of people who still attest to his good character, in spite of his offense. (Ex. 1: Letters of Support.)  His first conviction occurred as a 62-year-old man. His remaining life will all be lived in years where criminal behavior is extremely low. The criminal conduct occurred within a short two-year span. Mr. Radtke has no history of violence against animals. He has no history of violence against people. If Mr. Radtke had *any* inkling of a propensity to hurt people, he surely would have had a conviction for a domestic assault or disorderly conduct as a 20-year old or a 30-year old.  He has none. Not even an arrest for such conduct.

Mr. Radtke engaged in grotesque behavior, over a small stretch of time, late in his life. It should be noted that, for Mr. Radtke, the conduct all occurred behind a computer or at the other end of a smartphone. There is no excuse for the wanton torture to which the animals were subjected.

It is proper, though, to acknowledge the context here.  Through therapy, Mr. Radtke has

---

[1] *See* CDC, National Center for Health Statistics, https://www.cdc.gov/nchs/fastats/life-expectancy.htm.

2

learned that because of his self-hate due to childhood trauma, decided to exploit the anonymity he thought he had behind an internet alias to commission the torture of animals which—twisted as it was—was a way for him to see *himself* in the animals being tortured. Internet anonymity and his self-destructive attempts to get past his past all contributed to this offense. (Ex. 2: January 23, 2025 letter from Benjamin Thompson, MA, LPCC.)

Mr. Radtke's therapist assessed that Mr. Radtke "projected" his abuse to an animal subject, thereby enabling him to maintain emotional distance from his own lived abuse. (Exhibit 3: Benjamin Thompson MA, LPCC 2/5/25 comments.) This projection allowed him to actually confront and relive his childhood pain, which was a way for him to process his abuse and release it. Similarly, abuse victims confront and relive their abuse by discussing it in therapy. This phenomena—of projecting past abuse onto others and even animals as a way to cope—is found in the scientific literature that seeks to understand animal abuse.[2]

Mr. Radtke's behavior is also consistent with what the scientific literature calls the "Uncanny Valley."[3] Per his therapist, Mr. Radtke's behavior fits the "Uncanny Valley to a T." The "Uncanny Valley" is a phenomenon in which humans experience negative emotional responses to non-human figures that possess human like-qualities.[4] The underlying idea is that humans are comfortable with human-like objects up to a certain point.[5] Once an object or entity looks too human despite its artificialness, it suddenly becomes "uncanny" and takes on a disturbing level of eeriness to the viewer.[6] Though no excuse, the fact that monkeys so-closely resemble humans may provide the explanation for why Mr. Radtke and his co-conspirators so callously discussed and perpetrated their torture on these animals. Mr. Radtke understands this dark pathway and is seeking professional help

---

[2] See Vrečko, Ines, *Criminological Aspects of Animal Abuse: A Review Study*, Kriminologija & Socijalna Integracija; Zagreb Vol. 27, Iss. 1, (Jun 2019): 84-99.
[3] *See* Masahiro Mori, *The Uncanny Valley*, 19 IEEE Robotics & Automation Mag. 98, 98-99.
[4] Id.
[5] Id.
[6] Id.

3

to work through his childhood abuse and current mental health issues.

In their position paper, the Government made the following claim: "studies find 'people who abuse animals are five times more likely to commit violent crimes against humans." Dkt. 23 at 7. This purported claim is overstated and cherry-picked. The article itself cited a separate study (not studies).[7] The article itself speaks must of links between *children* abusing animals later committing violence on people, or children being abused by adults later committing violence on animals, but the article says next to nothing about any cause-effect relationship between abusing animals leading to abusing people. *See Id.* And to make clear about Mr. Radtke's conduct: as to him, it occurred virtually through a screen or commission through payment services, it was not hands-on or physical.

Mr. Radtke is remorseful. (Ex. 4: Radtke Letter of Responsibility.) He is a broken man that knows he is broken. But he is seeking help. He is seeking this Court to fashion a sentence that will not only reflect the nature and circumstances of his horrible crime, but also take *him* into account. The defense submits that a sentence of one year and one day to be served as home confinement within the electronic monitoring program is sufficient, but not greater than necessary to achieve the goals of sentencing.

Respectfully submitted,

GROSHEK LAW

Dated this sixth day of February 2025.

/s/
Christa J. Groshek, Esq.
302 N. 10th Ave
Minneapolis, MN 55401
Tel (612) 827-3833
christa@grosheklaw.com
Attorney for Jeffrey Radtke, Defendant.

/s/
Trey Kelleter, Esq.

---

[7] *See* Jared Squires, *The Link Between Animal Cruelty and Human Violence: Children Caught in the Middle*, 8 Ky. Child. Rts. J. 2, 5 (2000).

4

                                                                  101 W. Main Street, Suite 101  
                                                                  Norfolk, VA 23510  
                                                                  (757)500-7666

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

                                                    /s/
                                         Trey R. Kelleter, Esq.
                                         VSB #41606
                                         KelleterLaw PC
                                         101 W. Main Street, Suite 100
                                         Norfolk, Virginia 23510
                                         Phone: (757) 500-7666
                                         Email: trey@kelleterlaw.com